# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MODDIE SHIELDS, a/k/a, JEFFREY SHIELDS,

        Plaintiff,

  v.

CAMDEN COUNTY CORRECTIONS

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-05851 (JBS-AMD)

**OPINION**

APPEARANCES:

Moddie Shields, Plaintiff Pro Se
2807 N. Congress St.
Camden, NJ 08104

**SIMANDLE, District Judge:**

    1.   Plaintiff Moddie Shields, also known as Jeffrey Shields, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Department of Corrections ("CCDOC"). Complaint, Docket Entry 1.

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint with prejudice in part and without prejudice in part for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while

---

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

exercising his responsibilities pursuant to state law." *Id.* at 50.

7. Because Plaintiff has not sufficiently alleged that a person – here, the CCDOC – deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCDOC for allegedly unconstitutional conditions of confinement at the Camden County Correctional Facility ("CCCF"). The CCCDOC, however, is not independently subject to suit because it is not a separate legal entity from Camden County. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Accordingly, in order to state a claim for relief, Plaintiff must plead sufficient facts to impose liability on Camden County. Plaintiff has not done so.

8. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also*, *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional

torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

9. Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[3] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689. Plaintiff has made no such allegations with respect to Camden County.

10. In the fact section of the complaint, Plaintiff states: "Being treated like animals, food was like something that animals would [sic]. Having to wash in cement showers with mold where we had to purchase shower showes [sic] in order to take showers. Sandwiches where the lunch meat some time had mold on it the bread was molded hard not fresh. Juice that tasted like detergent." Complaint § III. Plaintiff also alleges that

---

[3] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

5

the cells were overcrowded, sick people were housed "with others risking others lives," that mats he was given to sleep on were "so old you feel all the [cold] from the cement floors," and that he had to sleep with his head by the toilet due to overcrowding. *Id.* § V. However, Plaintiff has not alleged facts demonstrating that these allegedly unconstitutional conditions are attributable to a policy or custom of Camden County.[4] The complaint therefore does not contain sufficient factual support to allow the Court to infer that Camden County is liable for the alleged constitutional violations. *Fair Wind Sailing, Inc.*, 764 F.3d at 308 n.3.

11. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

12. However, to the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to September 23, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice,

---

[4] Plaintiff also has not alleged that any person acting under color of state law was aware of and acted with deliberate indifference in creating or failing to address the allegedly unconstitutional conditions. *Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993) (noting that a plaintiff must prove that prison officials acted with deliberate indifference for conditions of confinement claim) (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

meaning that Plaintiff cannot recover for those claims because they have been brought too late.

    13. Plaintiff does not identify the dates of the events giving rise to his claims but alleges that they occurred "2009 off an [sic] on till [sic] 2014." Complaint § III. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement Plaintiff encountered at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims may have expired as early as 2011, well before this complaint was filed in 2016. In any case, because Plaintiff filed his complaint on September 23, 2016, Plaintiff cannot recover for claims arising from confinements that ended prior to September 23, 2014.[5]

---

[5] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff

7

14. Given Plaintiff's vague allegation regarding when the events giving rise to his claims occurred, it is unclear from the face of the complaint which events, if any, occurred within the statute of limitations. Construing the complaint liberally and granting Plaintiff all reasonable inferences, Plaintiff's claims therefore will be dismissed without prejudice. Plaintiff may provide greater factual detail with respect to these allegations if he elects to file an amended complaint and if these events occurred within the statute of limitations, *i.e.*, during confinement(s) that ended on or after September 23, 2014.[6]

15. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically

---

as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

[6] The Court does not presently address whether the facts alleged in the complaint are enough to support an inference that a constitutional violation has occurred. Because Plaintiff's allegations are insufficient to infer Defendant's liability and because some unknown portion of Plaintiff's claims appear to be barred by the statute of limitations, the complaint must be dismissed without prejudice in any event. It is therefore not necessary for the Court to make constitutional findings at this time. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 249 (3d Cir. 2005) (declining to address constitutional issues where it was unnecessary to do so because disposition of case could be based on other grounds) (citing *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936)).

8

incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[7] *Id.*

16. For the reasons stated above, the claims arising from Plaintiff's confinements ending prior to September 23, 2014, are barred by the statute of limitations and therefore are dismissed with prejudice. The remainder of the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

17. An appropriate order follows.

**June 29, 2017**             **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge

---

[7] The amended complaint shall be subject to screening prior to service.